UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

    v.                                Cr. No. 05-361 (RBW/JMF)

**GLENN FRANKLIN BULLOCK,**

    **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

The Grand Jury has charged that the defendant with possession with intent to distribute a large rock of crack cocaine.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10

years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Crack cocaine is a narcotic drug and the "rock" in this case weighed more than 50 grams.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant lives in Stafford County, Virginia and was not employed before his recent incarceration.

**The weight of the evidence.** All that can be said at this point is that the grand jury found probable cause to believe that the defendant committed the crime charged.

**History relating to drug or alcohol abuse.** There is no indication of drug use.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** Defendant has a terrible criminal record. He has been convicted of distribution of cocaine and conspiracy to distribute it, assault, destroying property, threats over the phone, possession of a concealed weapon, and of eluding the police. Thus, he has two prior felony convictions and two convictions of violent crimes. He therefore qualifies for detention on the additional basis that he is a recidivist. 18 U.S.C. § 3142(f)(D).

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. He was arrested for a felony, eluding the police, and within a short period of time the grand jury charged him with the crime in this case. He has convictions for violent crimes, was unemployed before he went to jail, and has no roots in this community whatsoever. Because he proffered nothing to rebut the presumption of his dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**March 16, 2006**