UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-361 (RBW) |
| | : | |
| GLENN BULLOCK, JR. | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following sentencing recommendation and reasons in support of such recommendation:

1.  On June 27, 2006, the defendant pleaded guilty to Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S. Code §§841(a)(1) and (b)(1)(A)(iii). Pursuant to the plea agreement, the defendant agreed not to seek a downward departure for any reason from the applicable guideline range established by the Sentencing Guidelines, and the government agreed not to oppose a sentence of incarceration at the low end of the applicable guideline range. *See* Plea Agreement filed June 27, 2006, at ¶¶ 8, 10. The government thus requests that the Court sentence the defendant to 151 months imprisonment, which sentence is at the low end of the applicable Guidelines range.

Facts

2.  On August 26, 2005, at approximately 6:30 p.m., Officer David Jackson of the Metropolitan Police Department stopped the defendant at 2704 Good Hope Road, S.E., Washington, D.C. after observing him make an illegal right turn. Officer Jackson ordered the defendant out of the car and performed a pat-down search for weapons. Upon detecting a "hard, metallic" object near the

defendant's crotch area, officers reached into the front of defendant's pants and recovered a plastic bag containing a total of 60.7 grams of crack cocaine and a purple "Crown Royal" bag containing a scale with white powder residue, $383, and plastic bags. The defendant was transported to the Sixth District, where he waived his rights and gave a videotaped statement in which he admitted possessing the crack for sale. In all, the defendant possessed 60.7 grams of crack cocaine.

## Acceptance of Responsibility

3.    The government agrees that the defendant should receive an additional one point adjustment for acceptance of responsibility pursuant to §3E1.1(b) of the Sentencing Guidelines. *See* Plea Agreement filed June 27, 2006, at ¶ 10.

## Sentencing Recommendation

4.    The Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), ruled that the Sentencing Guidelines are advisory rather than mandatory. However, the Court made clear that in determining the appropriate sentence for a defendant, federal courts still are required to calculate and consider the applicable Guidelines range, refer to the pertinent Sentencing Commission policy statements, and bear in mind the need to avoid unwarranted sentencing disparities and to provide restitution to victims. *Id.* at 259-60. Moreover, in determining an appropriate sentence for the defendant, federal courts also must continue to consider the need for the sentence imposed to accomplish the following sentencing objectives: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical care. *Id.* at 260; *see also* 18 U.S.C. § 3553(a)(2).

5. Arguably, the applicable Sentencing Guidelines range is the most important factor the Court can consider in sentencing the defendant in this case because this range is calculated based upon the Sentencing Commission's careful consideration of all of the factors the Supreme Court and Congress have directed courts to consider in sentencing defendants. The applicable Guidelines range in this case reflects an intensive objective analysis of sentences imposed on defendants similarly situated to defendant and is a critical tool to avoid unwarranted sentencing disparities. According to the presentence report, the defendant has an adjusted offense level of 29 and a criminal history category of VI, resulting in a Guidelines range of 151 to 181 months. The government does not object to a sentence of incarceration of 151 months imprisonment.

6. Turning specifically to the § 3553 factors, the defendant's offense unquestionably is serious. It involves the intended distribution of a dangerous narcotic that wreaks havoc on the lives of those who abuse it, causes despair among family members who suffer alongside the abusers, and plagues society with the lost potential, and often criminal conduct, of the abusers. The defendant is a classic example of the harm that flows from years of continuous substance abuse. He is unable or unwilling to abide by the law, having now incurred his twelfth conviction, along with nine other arrests, in the last twelve years; he has not maintained steady employment; and he has fathered two children, but is not a meaningful parent to either. A lengthy sentence of incarceration appears to be the only alternative available to the Court at this point to protect the public from the defendant and to send a clear message to the defendant that his continued criminal conduct will not be tolerated. A sentence of 151 months imprisonment therefore not only is consistent with the Sentencing Guidelines and Congress's goal of ensuring uniformity in sentencing, but also is entirely appropriate and necessary to satisfy Congress's other stated sentencing objectives.

WHEREFORE, the United States respectfully requests that the Court impose a sentence of 151 months imprisonment in this case.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar No. 451058

By: _____
        ANGELA G. SCHMIDT
        Assistant United States Attorney
        Texas Bar No. 17764980
        Federal Major Crimes Section
        555 4th Street, N.W., 4th Floor
        Washington, D.C.  20530
        (202) 514-7273
        Angela. Schmidt@usdoj.gov