IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 05-361 (RBW) |
| ) | |
| GLENN BULLOCK, ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Glenn Bullock, by his attorney, Tony Axam, Assistant Federal Public Defender, hereby submits the following sentencing memorandum to the Court. In the event that the Court does not sentence Mr. Bullock to the mandatory minimum of ten years incarceration, counsel submits that the factors outlined below would be appropriate consideration for sentencing at the low end of the guideline range of 151 to 188 months.

### DISCUSSION

Mr. Bullock was arrested in this matter on August 25, 2005 for a traffic violation. During the course of the arrest, Mr. Bullock was removed from the vehicle he was driving and patted down. Officers recovered a bag containing 60.7 grams of crack cocaine. Following his arrest, Mr. Bullock gave a videotaped statement admitting that he intended to distribute the crack.

On September 27, 2005, the government filed a one count indictment in the above-captioned case charging Glenn Bullock with Possession with Intent to Distribute Fifty Grams or More of Cocaine Base. On June 27, 2006, Mr. Bullock entered a plea of guilty. Mr. Bullock is scheduled to be sentenced by this Court on September 20, 2006.

Based on his prior criminal record, Mr. Bullock falls into Criminal History Category VI

A base offense level of thirty two corresponds with the weight of the crack cocaine recovered by police-- 60.7 grams. Mr. Bullock accepted responsibility for his crime, resulting in a total offense level for him of twenty nine. He is exposed to a sentencing guideline range of 151 to 188 months.

In United States v. Booker, the Supreme Court directed sentencing courts to consider the factors set forth in 18 U.S.C. § 3553(a) in addition to consideration of any applicable sentencing guidelines. Mr. Bullock petitions the Court to consider the statutory factors governing sentencing in determining a reasonable sentence in this matter. These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a).

After considering the factors set forth in § 3553(a), the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and effectively provides the defendant with needed educational or vocational training and medical care. See 18 U.S.C. § 3553(a)(2). Section 3582 of Title 18 further provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a

sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a). A review of all of the applicable factors set forth in § 3553(a) demonstrates that the mandatory sentence of ten years in this case would be more than adequate to meet the sentencing purposes set forth in § 3553.

Mr. Bullock stands convicted of a single count of possession with intent to distribute crack cocaine. He came from Virginia to Washington, D.C. to purchase crack cocaine. He intended to return to Virginia to divide the crack amongst his friends and to smoke some of it himself. In this sense, Mr. Bullock's offense is discreet. He did not purchase the crack he had in his possession to make available to the general public. The circumstances of this offense though serious, are less serious than many of the drug trafficking offenses that come before this Court and are typically covered by the sentencing guidelines. Mr. Bullock was not supporting himself by selling drugs. No firearms or weapons of any sort were recovered from Mr. Bullock or the car he was driving. There is no indication that Mr. Bullock possessed the drugs in this case for any other reason than to distribute them to his friends and to support his habit. These facts distinguish Mr. Bullock's case from drug distribution cases typically covered by the guidelines, wherein such a quantity of drugs is intended for distribution to many more individuals thereby effects a more diffuse harm.

Mr. Bullock's history and background likewise recommend to this Court that a punishment of ten years for his crime would adequately serve society's punitive and deterrent interests in Mr. Bullock's case. Mr. Bullock is thirty one years old. He is a high school graduate and has completed several post-secondary correspondence courses. He is self-motivated as demonstrated by a history of gainful employment and the development of valuable vocational

skills.  While Mr. Bullock has held jobs for most of his adult life, stability in his adult life has been rare due in large part to his history of substance and alcohol abuse.

At the age of nine Mr. Bullock first used marijuana.  Mr. Bullock has been addicted to cocaine since he was nineteen.  He began to use crack cocaine approximately one year prior to his arrest in this matter.  Mr. Bullock's struggle against addiction and substance abuse is well documented in his prior contacts with the criminal justice system and a single prior unsuccessful effort in drug treatment programs as recounted in the presentence investigation report.

In the present case, Mr. Bullock admitted to police that he intended to distribute the drugs he had in his possession to some friends who had pooled their money with Mr. Bullock to purchase the drugs.  He also indicated that he intended to use part of the drugs to satisfy his own addiction.  None of these facts are excuses for Mr. Bullock's current criminal violation or his past criminal violations, however, they explain that Mr. Bullock's crime was driven by an addiction over which he had little control.  Presumably, his removal from society for many years coupled with participation in a long-term substance abuse treatment program would help rehabilitate him and reduce a risk of recidivism for him.  A sentence of ten years would certainly provide a stern punishment and deter Mr. Bullock from every becoming involved in any wrongdoing again. Based on these circumstances, Mr. Bullock respectfully urges this Court to sentence him to the statutory mandatory of ten years.

## **CONCLUSION**

Glenn Bullock understand that this Court could sentence him  to incarceration for up to life and/or impose a fine up to $4,000,000.  Mr. Bullock has at all times accepted responsibility for his conduct in this case.

      As he expressed to the Court and to the Probation Officer, his offense was influenced by his inability to win the battle against his long standing drug addiction and maintain a drug free, productive lifestyle.  Based on the circumstances presented above and any other information that may become known to the Court at the time of sentencing, Mr. Bullock respectfully urges the Court to impose a sentence no greater than the mandatory minimum. Should the Court deny this request, Mr. Bullock respectfully requests that the Court sentence him to the low end of his adjusted guideline range as recommended by the government.  Mr. Bullock requests that the Court recommend that he receive substance abuse treatment while incarcerated.

                                    Respectfully submitted,

                                    A.J. KRAMER
                                  FEDERAL PUBLIC DEFENDER

                                  /S/
                                  Tony Axam, Jr.
                                  Assistant Federal Public Defender
                                  625 Indiana Avenue, N.W., Suite 550
                                  Washington, DC  20004
                                  (202) 208-7500