HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-05-00361</u> |
| vs. | : | SSN: |
| Bullock, Jr. Glenn F. | : | Disclosure Date: <u>August 17, 2006</u> |

FILED
SEP 20 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Angela Schmidt_        _8/29/06_
**Prosecuting Attorney**              **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____
**Defendant**            **Date**        **Defense Counsel**        **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>August 31, 2006</u>, to U.S. Probation Officer <u>Sherry Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
United States Probation Officer

AUG-29-2006  12:16         3539414                               3539414     P.03/04

Par. 21 – The defendant has only one prior felony conviction for either a crime of violence or a controlled substance offense. Therefore, he is not a career criminal and no Chapter Four enhancement should be added.

Par. 23 – The defendant's total offense level is 29.

Par. 29 – No points should be added for this conviction since the sentence was not a term of probation of at least one year or a term of imprisonment of at least thirty days. See USSG § 4A1.2(c)(1).

After Par. 31 – Add a new paragraph to reflect the defendant's conviction in Virginia Beach General District Court in the following cases:

> Case #: GC 98006329-00
> Offense Date: 4/14/98
> Disposition: 3/9/99
> Charge: F/ID PO
> Sentence: 12 months imprisonment, 8 months suspended
>
> Case #: GC 98006329-01
> Offense Date: 4/14/98
> Disposition: Dismissed 3/9/99
> Charge: Failure to Appear
>
> Case #: GC 98006330-00
> Offense Date: 4/14/98
> Disposition: 3/9/99
> Charge: Concealed Weapon
> Sentence: 90 days imprisonment

Pursuant to USSG § 4A1.1(b), 2 points should be added to the defendant's criminal history for this conviction.

Par. 34 – The conviction for Assault Against a Family Member is a *misdemeanor* conviction that the defendant obtained *after* he committed the instant offense; therefore, it is not a "prior felony conviction" for a crime of violence within the meaning of the career offender provision. See USSG § 4B1.2(c).

Par. 35 – The defendant's criminal convictions result in a subtotal criminal history score of 13.

Par. 36 – The reference to the sentence imposed on December 2, 2005, should be removed, since the defendant was not under that sentence at the time the instant offense was committed on August 26, 2005. However, at the time the instant offense was committed, the defendant was under a criminal justice sentence for the sentence imposed on August 18, 1998 (Case Number CR94-000189). Therefore, two points still should be added pursuant to § USSG 4A1.1(d). See

*also,* § USSG 4A1.1(d), comment. (n.4).

Par. 37 - This paragraph should be deleted, since the instant offense was committed *before* the sentences were imposed in the cases referenced.

Par. 38 - The sentence referring to the criminal history category for a career offender should be deleted.

Par. 101 - Based on a total offense level of 29 and a criminal history category of VI, the guideline range for imprisonment is 151 to 188 months.

Par. 102 - Had Mr. Bullock not received a three level decrease for acceptance of responsibility in the offense level computation, he would have been exposed to a sentencing guideline range of 210 to 262 months.